IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL FLOYD WILSON**                                                      **PLAINTIFF**

v.                                    CIVIL ACTION NO. 5:22-cv-00042-DCB-BWR

**M.T.C.**                                                                         **DEFENDANT**

## OMNIBUS ORDER

This matter is before the Court *sua sponte* following the Omnibus Hearing, which operated as a *Spears*[1] hearing, conducted on January 4, 2023. Plaintiff Michael Floyd Wilson appeared *pro se*, and Defendant M.T.C. was represented by Attorney Ray Young. During the hearing, the Court heard testimony from Plaintiff, inquired about the specifics of Plaintiff's claims, and allowed defense counsel to make a similar inquiry. Having considered the issues, the Court finds and orders as follows:

**I.  Summary of Claims**

This lawsuit arises from events that took place while Plaintiff was housed at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. He filed this lawsuit on June 13, 2022, and his claims arise under 42 U.S.C. § 1983.

Plaintiff avers that another inmate, Tevin Stricklen, assaulted him with a steel padlock on August 23, 2021. Plaintiff believes that Stricklen assaulted him because Plaintiff refused to give him money to purchase illegal drugs. As a result of the assault, Plaintiff suffered broken cheek bones, a broken eye socket, and a collapsed

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

nasal cavity. Plaintiff subsequently underwent surgery to repair his injuries, and he claims that he still suffers negative effects of the assault to this day.

Plaintiff says that he requested to be moved to another facility before the assault because he feared for his life at WCCF. He blames M.T.C. for failing to protect him from the assault, for delaying his medical treatment by approximately 25 days, and for denying his many requests to be sent to another prison.

These claims and allegations are those remaining before the Court, and no further amendment will be allowed absent a showing of good cause. Any motions to amend the pleadings must be filed on or before **February 8, 2023**.

## II.  Discovery Issues

After hearing testimony, the Court ordered the production of additional limited discovery, including (1) written reports regarding the August 23, 2021 assault, if any; (2) recordings and/or transcripts of 911 calls regarding the August 23, 2021 assault, if any; and (3) video footage of the August 23, 2021 assault, if any. This discovery is in addition to the discovery that all parties were ordered to produce at the Omnibus Hearing—*i.e.*, "any nonprivileged matter that is relevant to the parties' claims or defenses and proportional to the needs of the case." Order [15] at 3. The parties are thus directed to produce any documents or information not previously produced that they may use to support their claims or defenses.

The parties are directed to produce the documents and information ordered herein, or any objections thereto, and file a notice of service of their discovery production on or before **March 10, 2023**. In their notice of service, Defendants should

note the documents and information they produced and indicate if any documents or information are not produced.

There are no other discovery issues currently pending. The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* FED. R. CIV. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### III.   Motions Deadline

The deadline for filing all motions (other than motions *in limine*) is **April 10, 2023**.

### IV.   Change of Address

Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed a purposeful delay and contumacious act by Plaintiff and may be grounds for dismissal without further notice to Plaintiff.

**SO ORDERED,** this 9th day of January, 2023.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE