IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

MICHAEL FLOYD WILSON                                    PLAINTIFF

VS.                          CIVIL ACTION NO. 5:22-CV-00042-DCB-BWR

MANAGEMENT AND TRAINING
CORPORATION (MTC)                                       DEFENDANT

ORDER

THIS MATTER is before the Court on Magistrate Judge Rath's
Report and Recommendation ("R&R") [ECF No. 31], concerning
Defendant M.T.C.'s ("Defendant") Motion for Summary Judgment
("Motion") in response to pro se Plaintiff Michael Wilson's
("Plaintiff") failure-to-protect claim and medical care claim
[ECF No. 22]. The R&R was entered on June 29, 2023, and
objections to it were due by July 13, 2023. No party has filed
an objection, and the time to do so has elapsed.

Judge Rath recommended that the Court deny summary
judgment as to Plaintiff's failure-to-protect claim and grant
dismissal with prejudice as to Plaintiff's medical care claim.
[ECF No. 31] at 1-2. The evidence revealed a genuine dispute of
material fact that precludes the entry of summary judgment on
Plaintiff's failure-to-protect claim. Id. at 7-8. As to Judge
Rath's recommendation to grant dismissal of Plaintiff's medical
care claim with prejudice, he reasons Plaintiff failed to state

1

a constitutional claim for delayed medical care pursuant to 28
U.S.C. § 1915. Id. at 10.

I.   Failure-to-Protect Claim

A. Legal Standard

"A court shall grant summary judgment if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a). "On a motion for summary judgment, the court must view
the facts in the light most favorable to the non-moving party
and draw all reasonable inferences in its favor." E.E.O.C. v.
WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

"Under the Eighth Amendment, prison officials have a duty
to protect inmates from violence by fellow inmates." Fairley v.
McGee, 2013 WL 5567122 at 3* (S.D. Miss. Oct. 9, 2013); see also
Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). Plaintiff must
show that 'he was incarcerated under conditions posing a
substantial risk of serious harm and that prison officials were
deliberately indifferent to his need for protection.'" See
Fairley, 2013 W 5567122, at 3* (quoting Jones v. Greninger, 188
F.3d 322, 326 (5th Cir. 1999)). Plaintiff "must allege that
prison 'personnel knew of a substantial risk of harm and failed
to act.'" See Lewis v. Csaszak, 2022 WL 6873673, at 3* (S.D.
Miss. July 13, 2022) (quoting Vela v. Garcia, 728 F. App'x 285,
287 (5th Cir. 2018)).

2

B. Analysis

In this case the evidence reveals a genuine dispute regarding whether Defendant knew or had reason to know that inmate Tevin Stricklen ("Assailant") planned to attack Plaintiff. [ECF No. 31] at 7. See Morris v. Collins, 2009 WL 963673 at 1* (S.D. Miss. Apr. 8, 2009)(granting summary judgment where the defendant "did not know, and had no reason to know, that [an assailant] planned to attack [the plaintiff]"). Plaintiff testified at the Omnibus Hearing that two weeks before the assault, he told Defendant's employees that he feared for his life at Assailant's hands. [ECF No. 31] at 8. This testimony constitutes competent summary judgment evidence. E.g., Falcon v. Holly, 489 App'x 325,326 (5th Cir. 2012)(concluding that "sworn testimony at a Spears hearing is relevant to the court's summary judgment review"); Evans v. Mississippi, 2012 WL 4480731, at 4* n.3 (S.D. Miss. Sept 26, 2012)("The Court considers sworn testimony at the Spears hearing to be competent summary judgment evidence"). Defendant countered with evidence that Plaintiff never "red tagged" Assailant, but failed to present any evidence to contradict Plaintiff's testimony that he reported his fears prior to the attack. [ECF No. 31] at 8. See Edmond v. Eaves, 70 F. App'x 159, 160 (5th Cir. 2003)(reversing dismissal of failure-to-protect claim where plaintiff "communicated threats to his supervisor" and "his repeated requests to be transferred

to another unit were denied"). Viewing the evidence in the light most favorable to Plaintiff as required by Rule 56, there is a genuine issue of material fact regarding Defendant's knowledge of danger to Plaintiff, so the Court must deny summary judgment as to Plaintiff's failure-to-protect claim.

## II. Medical Care Claim

### A. Legal Standard

"Prison officials violate the constitutional prescription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." Davidson v. Tex. Dep't of Criminal Justice, 91 F. App'x 963, 964 (5th Cir. 2004). "Disagreement with the speed, quality, or extent of medical treatment does not give rise to a 1983 claim." See Jones v. Perry, 2012 WL 3267540, at 3* (S.D. Miss. Aug. 9, 2012).

### B. Analysis

Plaintiff claims that Defendant delayed providing him with adequate medical care following the attack when he needed "major surgery", and "it took a total of twenty-five days for M.T.C. to get it done." [ECF No. 31] at 9. Plaintiff suffered severe injuries as a result of Assailant's attack. [ECF No. 31] at 10. Plaintiff testified that he was taken to the hospital within four hours and admitted that he has "a metal plate holding his face together" and "pins and screws in his eye socket." Id. It

appears that Defendant recognized the degree of Plaintiff's

injuries and acted reasonably within twenty-five days to ensure

that he received the "major surgery" he needed. Id. Thus,

Plaintiff has failed to state an Eighth Amendment violation for

delayed medical care because he has not alleged facts sufficient

to show that Defendant was deliberately indifferent to his

serious medical need. Therefore, the claim is dismissed with

prejudice.

After conducting a de novo review of the R&R, the Court

agrees with Judge Rath's recommendations. Accordingly, the R&R

is ADOPTED. Defendant's Motion is DENIED in part as to

Plaintiff's failure-to-protect claim and granted in part as to

the DISMISSAL of Plaintiff's medical care claim with prejudice.

SO ORDERED, this 2nd day of August, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE